NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHAD D. BEGAY,

            Plaintiff-Appellant,

  v.

WINSLOW, CITY OF; CARL
CALNIMPTEWA,

            Defendants-Appellees.

No. 23-15013

D.C. No. 3:22-cv-08051-DLR-MHB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Chad D. Begay appeals pro se from the district court's judgment dismissing

as untimely his 42 U.S.C. § 1983 action alleging an excessive force claim arising

out of his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal as time-barred

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and equitable tolling analysis where relevant facts are undisputed); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Begay's action because his claim was barred by the statute of limitations and Begay did not allege facts sufficient to establish equitable tolling. *See* Ariz. Rev. Stat. § 12-542(1) (two-year statute of limitations for personal injury claim); *Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007) (federal courts in § 1983 actions apply the state statute of limitations for personal injury actions and borrow applicable tolling provisions from state law); *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998) (unsound mind equitable tolling may not be established by "conclusory averments such as assertions that one was unable to manage daily affairs or understand legal rights and liabilities" but rather requires plaintiff to provide "specific facts").

The district court did not abuse its discretion in denying Begay's post-judgment motion because Begay failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth the standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not

23-15013

consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**